# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SANDRA MCLEAN AND OTHERS SIMILARLY SITUATED,**

    **Plaintiffs,**

**-vs-**                Case No. **6:07-cv-1680-Orl-28DAB**

**STANLEY CONVERGENT SECURITY SOLUTIONS, INC. f/k/a HSM ELECTRONIC PROTECTION SERVICES, INC.,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION TO CONFIRM SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 27)**
>
> **FILED:**   **September 17, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties represent that they have reached a settlement in this Fair Labor Standards Act action for allegedly unpaid overtime compensation. Plaintiff[1] has alleged that she worked as a sales representative for Defendant. Defendant raised certain defenses denying liability and challenging the

---

[1] Although pled as a collective action, no other party has filed a consent to join. The only parties before the Court are Plaintiff and Defendant.

claims, and the parties undertook discovery. The parties have filed the settlement terms and, as the record is complete, the Court determines that there is no need for a fairness hearing. It is **respectfully recommended** that the motion be **granted** and the action be **dismissed.**

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

All relevant terms of the settlement are undisputed here and set forth clearly in the motion papers. According to the settlement agreement, Plaintiff is to receive significantly less than the amount claimed in the Interrogatories. As explained by counsel, there were several issues supporting the instant compromise, including the strength of Defendant's affirmative defenses of exemption and "good faith." Under the circumstances, the parties assert that the settlement amount, which includes $3,500 in unpaid overtime and $3,500 in liquidated damages, is reasonable, and the Court concurs. The Court finds the settlement to be a fair and reasonable resolution of a bona fide dispute.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, there is no judgment, as the parties have asked that the Court approve the settlement and dismiss the complaint, with prejudice. Nonetheless, the Court reviews the amount sought, to the extent it impacts the amounts Plaintiff ultimately receives in settlement.

The settlement provides that Plaintiff's counsel receive attorney's fees and costs in the gross amount of $5,500.00, which the parties represent is fair. No breakdown of time was provided, but

considering the numerous contested issues involved, the original amount of the claim and the fact that the parties stipulated to the fee, the Court finds the amount not unreasonable.

It is therefore **respectfully recommended** that the motion be **granted,** the terms of the settlement as outlined above[2] be **approved,** and the case be **dismissed, with prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 19, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] The Court need not and does not make any determination as to the reasonableness of the remaining terms of the settlement agreement.